**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

VICTORIA BEEKS,

    Plaintiff,                             Civil Action No. 07-3781(SDW)

    v.

COMMISSIONER OF SOCIAL         **OPINION**
SECURITY,

    Defendant.                        December 31, 2008

**WIGENTON, District Judge**

    Before the Court is Victoria Beeks's appeal of the decision of the Commissioner of the Social Security Administration, which denied her application for disability benefits under Title II and/or Title XVI of the Social Security Act. She asserts that substantial evidence exists in the administrative record to support a finding of disability and thus requests that the Court reverse the Commissioner's decision or, in the alternative, remand her claims to the Commissioner for reconsideration in light of the numerous deficiencies in the decision.

    This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated below, the Commissioner's decision is affirmed.

**I. Jurisdiction and Venue**

    This Court has subject-matter jurisdiction over this matter pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) and 5 U.S.C. § 706 as there has been a final decision by the Commissioner and the matter involves Disability Insurance Benefits and Supplemental Security Income Benefits claims. Venue is proper pursuant to 28 U.S.C. § 1391(b).

## II. Factual Background and Procedural History

On December 10, 2004, Victoria Beeks ("Claimant") filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits. In both applications, Claimant alleged disability beginning October 1, 2002. Specifically, Claimant alleges that rheumatoid arthritis, hypertension and asthma make her unable to perform any substantial gainful activity on a sustained basis. Her applications for benefits were denied initially on April 22, 2005 and again upon reconsideration on June 9, 2005. Consequently, on July 12, 2005, Claimant filed a request for a hearing, and on September 27, 2006, Administrative Law Judge Dennis O'Leary conducted such hearing. On October 17, 2006, Judge O'Leary denied Claimant's applications for benefits. Plaintiff appealed and, on July 27, 2007, the Appeals Council denied Claimant's request for review. Thus, Claimant commenced an action before this Court seeking a finding of disability and thus a reversal of the Commissioner's decision or a remand of her claims to the Commissioner for reconsideration in light of the numerous deficiencies in the decision.

## III. Discussion

### A. Standard of Judicial Review

The district court must affirm the Commissioner's decision if it is supported by substantial evidence. *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *see* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is "more than a mere scintilla of evidence but may be less than a

preponderance." *Stunkard v. Sec'y of Health & Human Serv.*, 841 F.2d 57, 59 (3d Cir. 1988) (quoting *Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979)). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. *See generally Taybron v. Harris*, 667 F.2d 412, 413 (3d Cir. 1981). The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992), *cert. denied*, 507 U.S. 924 (1993) (citing *Early v. Heckler*, 743 F.2d 1002, 1007 (3d Cir. 1984)).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider the: "(1) objective medical facts; (2) diagnoses and medical opinions of examining physicians; (3) subjective evidence of pain and disability as described by plaintiff and corroborated by others who have observed him; and (4) plaintiff's age, educational background and work history." *Curtin v. Harris*, 508 F.Supp. 791, 793 (D.N.J. 1981) (citing *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972)). When a medical opinion is consistent with other substantial evidence, it is given controlling weight. 20 C.F.R. §§ 416.927(c)(1), (d)(2). However, if a medical opinion is either inconsistent with other evidence in the case or is internally inconsistent, the Commissioner will "weigh all of the evidence [to decide] whether [the claimant] is disabled . . . ." 20 C.F.R. § 416.927(c)(2). Further, issues which are dispositive in deciding the claimant's eligibility for disability benefits will be decided by the Commissioner based on his role as an adjudicator, rather than based on that of a physician's medical opinion. Soc. Sec. Rul. 96-5p (1996); 20 C.F.R. § 416.927(e).

However, the district court "cannot exercise [its] duty of review unless [it is] advised of the considerations underlying the action under review . . . ." *Cotter v. Sec'y of Health & Human Serv.*, 642 F.2d 700, 705 n.7 (3d Cir. 1981). Therefore, "the grounds upon which the administrative agency acted [must] be clearly disclosed and adequately sustained." *Cotter*, 642 F.2d at 705 (citation omitted). Each finding in the evaluation process must be supported by reasoned analysis and "where appropriate, should include a statement of subordinate factual foundations on which ultimate factual conclusions are based, so that a reviewing court may know that basis for the decision." *Id.*

B. Standard for Determining Eligibility of Disability Benefits

A claimant may be entitled to benefits under the Social Security Act if she demonstrates her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *see Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987). A physical or mental disabling impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D). An individual will be deemed disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process to determine whether a claimant is "disabled" within the meaning of the Act. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004). The claimant bears the burden of proof in the first four steps; the burden then shifts to the Commissioner at the fifth and final step. *Jones*, 364 F.3d at 503 (citing *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999)).

At step one, the Commissioner determines whether the claimant is engaging in work activity that is both "substantial" (work activity that involves doing significant physical or mental activities) and "gainful" (work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. §§ 404.1572(a), (b), 416.972(a), (b). If the claimant is engaging in substantial gainful work activity, she is not disabled and the sequential evaluation terminates at step one with such a finding. *Id.*

If not, at step two, the Commissioner determines whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment is severe if it significantly limits a claimant's ability to perform basic work activities. *Id.* If the claimant fails to establish a severe medically determinable impairment or combination of impairments, she is not disabled and the sequential evaluation terminates at step two with such a finding. *Id.*

If the claimant establishes a severe medically determinable impairment or combination of impairments, at step three, the Commissioner determines whether such impairment or combination of impairments meets or medically equals the criteria of an

impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). If the claimant's impairment or combination of impairments meets or medically equals the criteria listed and meets the duration requirement,[1] the claimant is disabled and the sequential evaluation terminates at step three with such a finding. *Id.*

If not, at step four, the Commissioner determines the claimant's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e), 416.920(e). A claimant's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments. In making this determination, the Commissioner must consider all of the claimant's impairments, including impairments that are not severe. *Id.* Next, the Commissioner must determine whether the claimant has the RFC to perform her past relevant work ("PRW"). The term PRW means work performed within the last fifteen years or fifteen years prior to the date that disability must be established. Further, the work must have lasted long enough for the claimant to learn to do the job and have been substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. If the claimant has the RFC to do her PRW, the claimant is not disabled and the sequential evaluation terminates at step four with such a finding. *Id.*

If not, at step five, the Commissioner determines whether the claimant is able to do any other work considering her RFC, age, education and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the claimant is able to do other work, she is not disabled. However, in order to support a finding that the claimant is not disabled at this step, the Social Security Administration must provide evidence that demonstrates that other work

---

[1] 20 C.F.R. §§ 404.1509, 416.909.

6

exists in significant numbers in the national economy that the claimant can do, given her RFC, age, education and work experience. 20 C.F.R. §§ 404.1512(g), 404.1560(c), 416.912(g), 416.960(c); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). If the claimant is not able to do other work and meets the duration requirement, she is disabled.

### C. Victoria Beek's Eligibility for Disability Benefits

Claimant maintains that she is entitled to disability benefits since October 1, 2002 because rheumatoid arthritis, hypertension and asthma have prevented her from doing any substantial gainful activity on a sustained basis. Administrative Law Judge Dennis O'Leary decided that Claimant had not been disabled, as defined by the Social Security Act, from October 1, 2002 through October 17, 2006, the date of his decision. In making his determination, Judge O'Leary relied on medical examination results, medical reports including those from Trinitas Hospital, a medication list, Claimant's medical and work history, and Claimant's testimony at a hearing that he conducted. Judge O' Leary's determination is supported by substantial evidence.

Judge O'Leary found that Claimant had engaged in substantial gainful activity since October 1, 2002.[2] Claimant testified that she worked as a community worker for the City of Elizabeth from July 1997 to August 11, 2006. (Tr. 287-88.) She worked twenty hours weekly (five days, four hours daily), and she was paid $10.50 hourly. (Tr. 288.) Her job consisted of "maintaining the classroom, maintaining supplies, interacting with kids, assisting in gym, assisting [with] meals and snacks." (Tr. 288.) The students that Claimant worked with ranged from ages six to thirteen. (Tr. 288.) All twenty-five to

---

[2] Although Judge O'Leary stated at page 3 of his decision that Claimant had not engaged in substantial gainful activity since October 1, 2002, his analysis clearly indicates that Claimant was engaged in substantial gainful activity since October 1, 2002.

7

thirty community workers did the same job as Claimant, and they also worked twenty hours per week. (Tr. 293.) Claimant did not need formal accommodations made for her to do her job; when Claimant needed assistance, a co-worker would assist her. (Tr. 289-92.) Judge O'Leary aptly noted that Claimant worked during most of the time she alleges that she was disabled. (Tr. 287-88.) She was laid off because funding for the job ended. (Tr. 287-88, 304.) When asked whether she would be returning to that job, Claimant responded "No, I do not know as of yet." (Tr. 288.) Ostensibly, Claimant will return to that job if funding resumes. Claimant was collecting unemployment. (Tr. 305.) Consequently, Claimant certified that she was able to work. *See* N.J.S.A. 43:21-4(c)(1). Judge O'Leary found that Claimant was engaged in substantial gainful activity and that Claimant would work more than twenty hours if permitted by her job.

Judge O'Leary found that while Claimant had severe impairments, namely arthritis, high blood pressure and asthma, she did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Judge O'Leary explained that "[a]lthough the claimant has impairments which are considered 'severe,' they are not attended, singly or in combination, with the specific clinical signs and diagnostic findings required to meet or equal the requirements set forth in 1.00 Musculoskeletal System, 3.00 for the Respiratory System and 4.00 for the cardiovascular system." (Decision dated Oct. 17, 2006 at 4.) He explained in detail that Claimant failed to meet 1.02 for joint dysfunction as the specified criteria required of the listing was not demonstrated by the available medical evidence. Judge O'Leary explained that the evidence did not demonstrate that

8

Claimant had the degree of difficulty in ambulating as defined in 1.00B2b. Further, he found that "3.03 for asthma was not met as the evidence failed to establish the FEV1 levels required under listing 3.02A or the number of attacks in spite of prescribed treatment and requiring physician intervention as required by listing 3.03." *Id.* at 4. Finally, Judge O'Leary found "4.03 for hypertensive cardiovascular disease was considered and evaluated under 4.02 or 4.04, or under the criteria for the affected body system (2.02 through 2.04, 6.02, or 11.04A or B); however, the specific criteria were not met." *Id.* at 4.

Next, Judge O'Leary determined that Claimant had the RFC to perform light work as well as work as a community worker. Specifically, Claimant had the ability to lift and carry up to twenty pounds occasionally and ten pounds frequently, and she could stand, walk and sit for six hours in an eight-hour workday. *Id.* at 4. In making such determination, Judge O'Leary considered Claimant's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in this case. *Id.* He found that Claimant engaged in substantial gainful activity as a community worker up until September 2006, when she was laid off. *Id.* at 4-5. Claimant performed comparable work to that of her co-workers, worked comparable hours weekly and got paid a comparable salary. *Id.* at 5. She needed no formal accommodation to do her job. *Id.* Ostensibly, Claimant would return to that job if permitted. *Id.* In the meantime, she was collecting unemployment, for which she certified that she was able to work. *Id.*

Judge O'Leary found that while Claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, Claimant's statements

9

concerning the intensity, persistence and limiting effect of the symptoms were not entirely credible.[3] *Id.* at 5. He relied upon Dr. Rose Chan's report. Dr. Chan, a consultative examiner, reported on Claimant based on her examination on March 29, 2005. *Id.* Judge O'Leary provided:

> Dr. Chan reported that the claimant appeared to be in no acute distress. The doctor stated that the claimant was unable to walk on her toes, but could walk on the heels without difficulty. Gait was normal. The claimant used no assistive devices to ambulate. The doctor noted that chest and lung examination was normal. Deep tendon reflexes were physiologic and equal in the upper and lower extremities and no motor or sensory deficit was noted. The claimant's hand and finger dexterity were intact and grip strength was 4/5 on the right. The claimant did not bend her right digit full with griping [sic]. Musculoskeletal examination was normal, with the exception of the finger in the right hand where the claimant complained of tenderness and avoided bending the right finger at the PIP joint. Dr. Chan noted mild limitation for activities requiring griping [sic] with the right hand and heavy lifting with the right hand. The doctor also noted that strenuous activities are to be avoided as the claimant needed to follow up on her elevated blood pressure. X-ray of the chest and knees were normal. EKG showed normal sinus rhythm rate of 80 with non-specific ST changes. Pulmonary function testing was normal (Exhibit 3F).

*Id.* at 5-6.

Judge O'Leary weighed Dr. Chan's opinion against the opinion of Dr. Sanjay Batta, Claimant's primary care physician. In Progress Notes dated January 6, 2005 to July 26, 2006, Dr. Batta reported that Claimant complained of joint pain and was treated with Celebrex, Prednisone and another medication. *Id.* at 6. In an August 16, 2006 Physical Residual Functional Capacity Questionnaire, Dr. Batta reported that he treated

---

[3] As stated above, Claimant filed applications for disability benefits, claiming that she could not work, during the time she was working. Further, she was collecting unemployment and, as such, certified that she was able to work.

Claimant every four to six weeks. *Id.* Dr. Batta diagnosed Claimant with rheumatoid arthritis, asthma and osteoarthritis. *Id.* He reported that Claimant had pain in her hands, shoulders, wrists and knees, and she had swelling and tenderness in her joints and decreased range motion. *Id.* Dr. Batta noted that a rheumatologist was treating Claimant and that her condition was stable with her current medications. *Id.* However, Dr. Batta opined that Claimant was incapable of even a "low stress" job and that Claimant could sit, stand and walk for less than two hours and lift ten pounds occasionally. *Id.* Dr. Batta gave Claimant a less than sedentary residual functional capacity. *Id.* Judge O'Leary found Dr. Batta's medical opinion "inconsistent with the record as a whole and is not entitled to great weight." *Id.*

Dr. Chan's opinion was consistent with the opinion of the New Jersey Disability Determination Services ("D.D.S."), which found that Claimant could do light work. *Id.* at 7. The D.D.S.'s assessment was affirmed by Dr. Kape, a state agency physician. Def.'s Br. at 10. Dr. Kape considered Claimant's obesity, high blood pressure and arthralgia and opined that Claimant was still able to lift up to twenty pounds and walk and stand for six to eight hours. *Id.*

Contrary to Claimant's argument, Judge O'Leary did not improperly reject Dr. Batta's medical opinion. Social Security Act regulations provide that the Commissioner will afford controlling weight to an opinion of a treating source only if that opinion is well supported by medical evidence and is not inconsistent with other substantial evidence of record. 20 C.F.R. 404.1527(d)(2), 416.927(d)(2). As stated above, Judge O'Leary found Dr. Batta's medical opinion inconsistent with the record as a whole and, thus, not entitled to great weight.

Further, Judge O'Leary found Claimant's testimony concerning the intensity, persistence and limiting effect of her symptoms to be incredible. *Id.* at 6. He did not find credible that Claimant cannot move one or both arms two times weekly, three times monthly, and that this condition lasts sometimes for five days. (Tr. 296-97.) Judge O'Leary did not find credible that Claimant cannot stand for more than ten minutes at a time. He weighed her testimony against the fact that she was working twenty hours weekly up until one month before the hearing, and she needed no formal accommodations to do her job. (Tr. 289-91.) He further found Claimant's contention that she does nothing but lie down incredible because she drives a car and can go to the store. (Tr. 304-05.) Contrary to Claimant's contention, Judge O'Leary found that Claimant's high blood pressure and asthma were controlled with medication based upon the Claimant's test results and history of hospitalizations. Judge O'Leary found her complaints inconsistent with the medical evidence in the record, and such inconsistencies may be considered when evaluating subjective complaints. 20 C.F.R. §§ 404.1529(c), 416.929(c).

For these reasons, substantial evidence supports Judge O'Leary's determination that Claimant is capable of performing PRW as a community worker as this work is not precluded by Claimant's RFC pursuant to 20 C.F.R. §§ 404.1565 and 416.965. Claimant testified that she could do her job standing or sitting at her election. (Tr. 293-94.) Comparing Claimant's RFC with the physical and mental demands of her work as a community worker, Judge O'Leary found that Claimant is able to do her job. Judge O'Leary properly found that Claimant was not disabled from October 1, 2002 to October 17, 2006.

## IV. Conclusion

For the foregoing reasons, the Commissioner's decision is affirmed. An Order follows.

                                        S/Susan D. Wigenton, U.S.D.J

cc: Judge Madeline Cox Arleo, U.S.M.J.

13